ROXANA KELLEY, Appellant, v. ANN AUGUSTA FOSTER et al., as Administrators, etc., Impleaded, etc., Respondents.

*Supreme Court, Second Department, General Term, February 10, 1890.*

*Banks. Liquidation.*—The liquidator of a bank cannot be held liable for a note of which there is no proof except its entry in the bills-receivable book of the bank, in the absence of evidence of its collection by him, especially after ten years have elapsed from the last payment by him to the stockholders.

Appeal from judgment dismissing complaint.

Appellant has title to 1640 shares of stock of the Croton River National Bank, through *mesne* assignments from James E. Kelly, the former president of the bank. This action is

brought in behalf of herself and other shareholders who may join therein against the administrators of Francis E. Foster, deceased (the bank being joined as a defendant), to have an account taken of the moneys of the bank received by said Foster after it went into liquidation and not paid over or accounted for, and of any indebtedness or liability of said Foster to the bank, and of the assets belonging to the bank. The complaint also prays that a receiver be appointed to receive the moneys, if any, that may be found due on such accounting, and to sell and convert into money the other assets of the bank, and that the appellant and said other shareholders may be paid their proportion of the amount found on such accounting, and of the avails of said assets, etc.

The court sent the case to Ambrose Ryder, Esq., to take the account prayed for, and to report the amount, if any, that might be found due the appellant on such accounting.

The referee reported that said Foster had received and not accounted for certain specified sums, amounting with interest to $39,391.74, of which there was due to the appellant $9,912.43, and also reported assets belonging to the bank, consisting of a balance of $1,029.36, remaining in the First National Bank of Brewsters, of a deposit made by said Foster of moneys of the defendant bank, and of $20.74 cash found in one of the bank's safes, and two safes, the appellant's share of said deposit being $844.08.

The decision of the trial justice dismissed the complaint for the sole reason he finds no direct testimony to charge Mr. Foster's estate with the payment of the claims set up in this action.

*William A. Abbott*, for appellant.

*Calvin Frost*, for respondents.

BARNARD, P. J.—In May, 1874, the Croton River Na-

tional Bank went into voluntary liquidation. Francis E. Foster was the cashier of the bank. He collected the assets and paid the debts of the bank, and paid to the stockholders the full par value of the shares and twenty-five per cent. beyond. The last payment was made December 11, 1876.

Foster died in November, 1886. There was no question made as to the failure of the cashier to pay over all he had received during his life, something over twelve years after the bank went into liquidation, and nearly ten years after the last payment to the stockholders. Every intendment is in favor of the cashier after this lapse of time and long silence of the stockholders.

The proof fails to show that the deceased cashier ever collected moneys which he has not accounted for. On December 23, 1873, a note was made by one Howes for $5,708.07, due in six months, with interest. There is no proof the note was ever paid to the bank, and there is no proof connecting the bank with it except that it is entered as bills receivable in the bills-receivable book of the bank.

The note belonged to the plaintiff and the deceased cashier unless the bank discounted it, and this is not proven by the entry of the bills-receivable book. This account does not show that the note was paid. It was the habit of the bank officers, whenever a bill receivable was paid, to enter the amount on a ticket stating from whom it was received. This proof is equally inconclusive as to the note called the town hall note. The claim is based upon a memorandum found in the safe of the bank in the cashier's handwriting. There is nothing upon the memoranda to create a personal liability upon the cashier. They are wholly insufficient and inconclusive, and, in the absence of proof explaining them, mean nothing. The fact that a bank book, which of necessity is more or less in the handwriting of the cashier, creates a liability personally upon him as if he was responsible for all credits which appear upon the book to have been received, will be too severe a rule as between the bank and its officers.

The whole truth would need the other books of the bank. These are the chief items relied upon. The proof fails to establish them as against the cashier.

The judgment should, therefore, be affirmed, with costs.

PRATT, J., concurs.

CULLEN, J. (dissenting).—This action is brought to compel an accounting of the moneys received by defendant's intestate, as liquidator of the Croton River National Bank. The bank in May, 1874, by consent of two-thirds of its stockholders, under the provision of the National Banking Act, went into voluntary dissolution and the defendant's intestate acted as liquidator up to the time of his decease. One dividend of twenty-five per cent. was paid by him to the stockholders. The plaintiff claims by assignment from an owner of 1,640 shares of the total 2,000 of the bank at the time it went into liquidation, and the suit is brought on behalf of herself and all other stockholders.

I think the action is properly brought by a stockholder and not by the bank. After proceedings for voluntary liquidation, the corporate existence of the bank doubtless continues for the purpose of suing or being sued by others. National Bank *v.* Insurance Co., 104 U. S. 54.

But as between the liquidator and the stockholders that rule does not apply. The liquidator was not an ordinary agent of the bank who was to collect and turn over moneys to his principal. His duty was to convert the assets into money, and having satisfied the claims of creditors, distribute the surplus to the stockholders according to their holdings, not to pay such surplus to the bank as an existing corporation. The liquidator was, therefore, a trustee, and the *cestui que* trusts were not the corporation, but the stockholders.

Assuming, therefore, that the action can be maintained, I think the judgment rendered by the trial court cannot be sustained. The plaintiff's remote assignor, at the time of

the liquidation, was indebted to the bank. This indebtedness was not a lien on the stock. But from the moment the bank went into liquidation he was not in the position of a stockholder in a continuing or "going" corporation. His only right was to share in the distribution of the assets, and to such share the amount of his debt was a proper offset. This proposition has properly been conceded by the plaintiff's counsel. It is, therefore, to be determined whether there would be any sum due to the plaintiff on account of the liquidator's collections over and above the debt due from her assignor.

It is unnecessary, for the purposes of this appeal, to review all the items of the account. It is enough to say that if the liquidator is charged with the note of one Howe, endorsed by himself and discounted by the bank, some amount will be due to the plaintiff.

This note the trial court found was a part of the assets of the bank in the hands of the liquidator.

It also found that it had never been paid, and that the liquidator was not guilty of negligence in not collecting it. This position cannot be sustained. Defendant's testator was the endorser of the note. He was responsible for its payment in case the maker failed to pay. If demand and notice were necessary to charge him, which we think not, then he was negligent in failing to have the note protested. His failure to protest the note must be considered as a waiver of notice, if notice was necessary. In any view he was liable for the amount of the note, which has now become outlawed.

As to the other items with which it is claimed the liquidator should have been charged, it is unnecessary to examine them, as the character of these charges, and the evidence concerning them, may be varied upon the next trial.

For the reason given, the judgment should be reversed, and a new trial ordered, costs to abide event.

Judgment affirmed, with costs.